UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NORMA DARBY, WIFE OF/AND**
**JERRY DARBY, SR.**                                                **CIVIL ACTION**

**VERSUS**                                                                    **NO. 07-5847**

**PROCTOR FINANCIAL INSURANCE CORPORATION**        **SECTION "T" (5)**

<u>ORDER AND REASONS</u>

Before the Court is Defendant's Motion for Summary Judgment pursuant to FRCP 56. Rec. Doc. 4. Plaintiffs filed an Opposition to the Motion. Rec. Doc. 20. The matter came for hearing with Oral Argument on January 9, 2008. The Court having considered the memoranda and arguments of the parties, the record, the law, and applicable jurisprudence is fully advised in the premises and **GRANTS** summary judgment.

**I.      BACKGROUND**

Norma and Jerry Darby's (hereinafter collectively, "Plaintiffs')  home located at 5744 Wilson Drive, New Orleans, Louisiana was damaged during Hurricane Katrina. Plaintiffs made proof of loss to Proctor Financial Insurance Corporation (hereinafter, "Proctor") but received no relief. *See* Exhibit "A" attached to Rec. Doc. 1. Plaintiff filed this matter alleging that Proctor breached the "All Risk" insurance policy issued by it and obligating it to cover loss or damage to the Plaintiffs' dwelling and personal property as well as breached its duty of good faith and fair dealing encompassed in LSA-R.S. § 22:1220 by failing to make a reasonable effort to settle the claim. *See* Exhibit "A" attached to Rec. Doc. 1. The action was originally filed in Civil District Court for the Parish of Orleans and removed to this Court based upon diversity of citizenship jurisdiction.

1

Proctor is a wholesale broker who operates as a general agent for Certain Underwriters at Lloyd's of London (hereinafter, "Lloyds"). Rec. Doc. 4 at p. 2. As such, Proctor quotes and binds coverage and issues policies to designated mortgage companies on behalf of Lloyd's. *Id.* Proctor issues quotations to the mortgage companies and upon acceptance, Proctor binds coverage on behalf of Lloyd's and later mails the policy to the mortgage company. Rec. Doc. 4 at p. 3. Proctor does not have any communication with the mortgagor homeowner in the procurement of the policy and does not quote, bind or issue any wind or flood policies to mortgagors. Rec. Doc. 4 at p. 2. As to payment, it does not receive any policy premium directly from the mortgagor. Rec. Doc. 4 at p. 3.

Proctor underwrote wind coverage insurance[1] to Novastar Financial ("Novastar"), Plaintiffs' mortgage company. The policy was issued by Lloyd's and insures all commercial or residential properties in which Novastar has a mortgage and/or owner interest. The policy was originally issued in December 7, 1999 and renewed through December 7, 2005. *See* Rec. Doc. 4 at p. 4 and Exhibit "1" attached thereto. Novastar procured the policy after Plaintiffs failed to provide it with acceptable evidence of continuous insurance coverage on their property as required by the mortgage agreement. Rec. Doc. 4 at pp. 3-4. Plaintiffs are not listed as named insureds and are not listed additional insureds on the policy. *See* Rec. Doc. 4 at p. 4 and Exhibits " 1, 1A-1 and 1A-2" attached thereto. Plaintiffs are also not named as payees. *Id.* Proctor did not meet or speak with Plaintiffs prior to the policy's issuance and Plaintiffs never directed payment to Proctor. Rec. Doc. 4 at pp. 3-4 and Exhibit "1" attached thereto.

Proctor filed the instant Motion for Summary Judgment arguing that it has no liability to

---

[1]There may be other coverages that were underwritten by Proctor as to this risk, but the only policy at issue here is the wind policy bearing policy number MP7001349 which provides forced placed coverage on the property for, *inter alia*, wind damage.

2

the Plaintiffs as a matter of law because it is not Plaintiffs' insurer.

## II.    LAW AND ANALYSIS

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(C).  The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  *Stults v. Conoco, Inc.,* 76 F.3d 651, 655-56 (5th Cir. 1996) *citing, Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.).  When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.   The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995).  Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."  *Id.* at 588.

The issues raised in the instant motion have been previously decided by at least two courts in this district.  These cases both dismissed Proctor on summary judgment.  In *Colvon v. Novastar Mortgage, Inc*., 2007 WL 2874784 (E.D. La. 2007), plaintiff sued Proctor and Novastar for damages because of inadequate payment and bad faith adjustment of her flood and wind claims, inadequate forced placed coverage, and breach of the duty of good faith and fair dealing.  The policies at issue were a flood policy covering plaintiff's property (policy no. FD02634) and a standard fire insurance

policy (policy no. MP7001349).[2]  The undisputed evidence showed that the policy was a forced placed policy, that plaintiff's name was not listed on either policy as an additional insured or an insured and that Proctor was not identified as the insurer.  Further, the undisputed evidence provided that Proctor had no communication with either the plaintiff or any representative of plaintiff and that Proctor never agreed or undertook to provide insurance on her behalf.  The Court pointed out that to prove agent liability, the plaintiff must prove, *inter alia*, an undertaking or agreement by the broker to procure insurance.  Because the undisputed evidence demonstrated such an undertaking had not occurred, the action was dismissed on summary judgment in favor of Proctor.

Similarly, in *Obioha v. Proctor Financial Insurance Co., et al.* 2007 WL 2903227 (E.D.La. 2007).  Plaintiff sued Proctor and Novastar to recover damages to her home caused by flood.  She alleged that Proctor breached its insurance contract by failing to pay the full amounts due under the policies issued to plaintiff.  Judge Vance agreed with Proctor that under the facts alleged, it did not have a duty to provide insurance to plaintiff.  In that case, as here, the Complaint referred to Proctor as the insurance carrier when in reality it was the insurance broker.  Further, the undisputed evidence showed that Proctor did not issue an insurance policy to plaintiff and had no contact with plaintiff in the process of issuing coverage to Novastar on behalf of Lloyd's.  Based upon this evidence, Judge Vance found no duty to Plaintiff to provide insurance to plaintiff.  Additionally, Judge Vance found that as a non-party to the policy, plaintiff could not sue to enforce coverage provided under the identified policies *citing, Lea v. Balboa Life & Cas. Ins. Co.* 1992 WL 74591 *4 (E.D. La 1992). As such, because (and as is the case here) plaintiff was not a named insured or an additional insured under either policy, plaintiff could not sue to enforce coverage.  Accordingly, summary judgment

---

[2]The latter policy is the one at issue in this case.

was granted.[3]

      Under the precedent discussed above, and for the same reasons discussed therein, the Court grants summary judgment as to the claims for breach of contract raised in the Complaint. Plaintiff does not dispute the facts as laid out by Proctor in its supporting affidavit and has not disputed that it is neither a named insured nor an additional insured under the policy. Plaintiffs also do not dispute that Proctor is not their insurer. Accordingly, Proctor owes no contractual duty to Plaintiffs and the claims in the complaint based upon breach of the insurance contract are dismissed on summary judgment as a matter of law.

      Proctor also did not have a duty to procure insurance on Plaintiffs' behalf or to make recommendations or give advice to Plaintiffs on their coverage as the undisputed facts show that there was not an undertaking or agreement to such effect or any agency relationship created between these two (2) parties. There is a duty under Louisiana law placed upon an insurance agent or broker to use reasonable diligence in attempting to place insurance and to seasonably notify the client if he, the agent or the broker, is unable to or does not obtain the insurance requested. *See Karam v. St. Paul Fire & Marine Insurance, Co.,* 265 So. 2d 821, 823-834 (La. App. 3rd Cir. 1972). However, that duty did not arise as the undisputed facts show that there was never any agency relationship between the Plaintiffs and Proctor because there is no evidence of the existence of an undertaking or agreement or communication between Proctor, the broker, and the Plaintiffs to procure coverage on Plaintiffs' behalf. Accordingly, to the extent Plaintiffs raise claims regarding procurement of insurance and relating to any misrepresentation by Proctor, such is dismissed as a matter of law.

---

[3]*See also Jones v. Proctor Financial Insurance Corporation*, 2007 WL 4206863 (E.D. La. 2007)(Fallon, J)(granting Lloyd's Motion to Dismiss because plaintiffs lacked standing to assert any causes of action against it as the policy of insurance did not name plaintiffs as an insured).

The Court briefly addresses the arguments raised by Plaintiffs' opposition. These arguments are equally dismissive.

An action for unjust enrichment is found in LSA-C.C. Art. 2298.[4]  That article provides, in pertinent part, that "[a] person who has been enriched without cause at the expense of another person is bound to compensate that person."  The comments to the Article are clear that in order to be enriched a person's patrimony must increase and correspondingly, another's must be impoverished. The evidence presented does not show any increase in the mortgage company's patrimony by the payment of the proceeds from the policy.  The proceeds merely pay back the loan that the Plaintiffs took out from the mortgage company to begin with.  Further, Plaintiffs have not been impoverished as they were obligated to pay insurance on the property but failed to do so resulting in a forced placed policy which they paid for anyway.  The placement of the forced placed policy and their payment of that policy did not create any loss in their patrimony and the unjust enrichment argument fails.

The third party beneficiary or stipulation *pour auturi* argument is also without merit.  Judge Barbier's decision in *Harrison v. Safeco Insurance Company, et al.,* 2007 WL 1244268 (E.D. La 2007) is directly on point and held that the proper means to include a stipulation *pour auturi* in an insurance contract is to name the third party as an additional insured.  One of the issues in *Harrison* was whether the plaintiff homeowners were third party beneficiaries under the forced placed policies procured by their insurance companies.  Judge Barbier found that "[t]he mere reference to a third party in a contract is not enough as there must be a manifestation of intent to benefit that third

---

[4] The Court notes that this claim is properly raised against the party allegedly enriched. Here, that is the mortgage company and not the wholesale broker that underwrote the coverage. Accordingly, any discussion of unjust enrichment is misplaced.  Nevertheless, for completeness, the claim is discussed.

party."  Further, he held that payments made to lenders by homeowners in reimbursement for the insurance premiums do not create stipulations *pour auturi*.

The undisputed facts show that Plaintiffs were not named as additional insureds under the policy at issue.  Also, the policy is clear that the intent is to insure the lending institution evidenced by the declarations page naming Novastar as the insured and the first paragraph of the policy conditions which provides that "the premium charged by the Company...insures...**the Lending Institution** (the Insured as shown on the Declarations Page) against direct loss resulting from destruction of or damage to insured property..."  See Endorsement # 3 at p. 1(emphasis added).  Additionally, the loss payee clause specifically provides that the payment be made to Novastar (the Insured) unless another payee is specifically named.  S*ee* Exhibit "1A-1" attached to Rec. Doc. 4.  The language of the policy is clear that there was no intent to benefit the Plaintiffs, but rather to protect the mortgage company's security interest.  Finally, Plaintiffs' argument that their payment of the premium elevates them to the status of a third party beneficiary was rejected by Judge Barbier in *Harrison*.

As to the equitable reformation issue, Louisiana law recognizes that an insurance contract may be judicially reformed in limited circumstances such as mutual error or fraudulent, negligent or mistaken conduct on part of the agent issuing the policy, and in some cases when a mortgagee is not included in a loss payable clause.  *See Lea v. Balboa Life & Casualty Insurance Company* [Meritplan], 1992 WL 74591 (E.D. La. 1992)(Schwartz, J) *citing Farmers-Merchants Bank v. Employers National Insurance*, 553 So. 2d 1088, 1089 (La. App. 3rd Cir. 1989), *cert. denied*, 559 So. 2d. 141 (La. 1990).  The equitable reformation of any insurance policy by judicial fiat requires caution and restraint. *Id.*  As none of the circumstances announced in *Lea* are applicable herein, the

Court declines the invitation to reform the contract.[5]

Turning to Plaintiffs' next argument, the doctrine of neogtiorum gestio or the management of the affairs, is codified at LSA-C. C. Art. 2292.  The article provides:

> There is a management of affairs when a person, the manager, acts without authority to protect the interests of another, the owner, in the reasonable belief that the owner would approve of the action if made aware of the circumstances.

The affair managed may be a material act, such as the protection of property from fire or flood, or the execution of a juridical act, such as the sale of perishable things. *See* comment (b), LSA-C.C. Art. 2292.   A person does not qualify as negotiorum gestor unless he undertakes the management with the "benefit" of the owner in mind. *See Kirkpatrick v. Young,* 456 So.2d 622 (La.1984).  Further, the Article does not apply when the person who undertakes management acts **in his own interest** or contrary to the actual or presumed intention of the owner. In such a case, there is a usurpation, and the person who manages an affair under these circumstances may incur liability under the law of delictual obligations.  *See* comment (d), LSA-C.C. Art. 2292.  If one is found to the manage the affairs for the owner, the owner is "bound to fulfill the obligations that the manager has undertaken as a prudent administrator and to reimburse the manager for all necessary and useful expenses." LSA-C.C. art. 2297.

Plaintiffs' theory is that since they have provided proofs of loss to Lloyd's for payment under the forced placed policy, have hired attorneys to assist in obtaining additional settlement proceeds for the claim and have negotiated the adjustment of the insurance claims that they have managed the affairs of Novastar. *See* Rec. Doc. 20 at p. 6.  Yet, despite all these efforts, Novastar has sequestered

---

[5]The Court notes that such cause of action should be filed against the insurance company; not the wholesale broker.  Nevertheless, for the sake of judicial economy and efficiency as well as completion of the record,  Plaintiffs' arguments on the reformation issue are discussed.

for its own benefit the insurance proceeds and has not given any monies to the Plaintiffs to rebuild

their home.  *See* Rec. Doc. 20 at pp. 6-7.  Finally, Plaintiffs argue that whether a claim is made under

the theory of negotiorum gestio is a question of fact precluding summary judgment.

   The evidence demonstrates that the true reason Plaintiffs undertook the actions referenced

was so that they could be provided with the insurance proceeds to rebuild their home; hence the

instant suit.  Accordingly, as the Plaintiffs did not intend to undertake the management with the

"benefit" of the Novastar in mind, but rather with their own benefit in mind, the claim fails.  *See*

*LeBlanc v. Audubon Insurance Company, et al.* 357 So. 2d 29 (La app. 3rd Cir. 1978)(finding that

bank and defendant renewed insurance policy for their own benefit to protect themselves and thus

were not engaged as "gestors" under the theory of negotiorum gestio).  The *Louisiana State Mineral*

*Board v. Albarado, et al,* 248 La. 551, 565, 180 So. 2d 700, 706 (La. 1965), case cited by Plaintiffs

is factually distinguishable as the "gestor" in that case was found not to have acted "purely for his

own interest."

   Finally, Plaintiffs are not entitled to penalties under LSA-R. S. § 22:1220 for two reasons.

First, Proctor is not an insurer and the statute clearly states that "the insurer has an affirmative duty

to adjust claims fairly and promptly...Any insurer who breaches these duties shall be liable for any

damages sustained as a result of that breach."  The undisputed evidence again shows that Proctor

is not an insurer; hence, the penalty statute is inapplicable.  Second, where there is no coverage

under the policy at issue, as here, the penalty statutes are inapplicable.  *See Harrison*, 2007 WL

1244268 * 5.

   For the reasons laid out herein, Defendant's Motion for Summary Judgment is **GRANTED**

and the Plaintiffs' claims against Proctor Financial, Inc. are hereby **DISMISSED WITH**

**PREJUDICE.**

New Orleans, Louisiana this 16th day of January, 2008.

 

_____
**UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.**